## GREELEY & AL. *v.* THURSTON.

Bills of exchange, and negotiable notes, should be paid on demand, if it be made at a reasonable hour, on the day they fall due ; and if not then paid, the acceptor or maker may be sued on that day ; and the indorser or drawer also, after notice given or duly forwarded.

Whether the plaintiff may alter his writ after the service is commenced, and before it is completed ; *quære.*

In this case, which was *assumpsit* by the payee against the maker of promissory notes, the writ was issued *Oct.* 21, 1825, between the hours of four and five in the afternoon ; and contained one count upon a note dated *April* 18, 1825, for $156,25, payable in six months from the date with grace ; and another upon another note, dated *June* 20, 1825, for $93,76, payable in four months from the date with grace. The service of the writ was commenced on the following day, by attaching the defendant's goods.

On or about *Oct.* 26, the plaintiffs caused the second count to be stricken out of this writ ; and on the 9th of *November* a new writ was made upon the last mentioned note, and the same property again attached. The service of both writs was completed *Nov.* 15, by leaving the summonses at the defendant's place of abode ; and the second suit proceeded to judgment.

Upon these facts the cause was submitted to the court, to determine whether the action was prematurely brought ; and whether the alteration made in the writ, by erasing the second count, was such as to render it void.

*Kinsman,* for the plaintiffs, contended that the note was due on the last day of grace, and that an action might well be commenced upon it at any hour of that day. *Castle v. Burditt & al.* 3 *D. & E.* 623. *Jones v. Fales* 4 *Mass.* 251. But if the day of the date was to be excluded from the computation, and so the note not matured till the expiration of the last day of grace, yet this day, in mercantile acceptation, ended at the closing of the banks at four in the afternoon ; after which an action would lie.

*Daveis*, for the defendant, insisted that the action was prema-ture ; upon the ground that the day of the date of the note was to be excluded from the computation ; in which case the prom-issor had the whole of the last day of grace, in which to make payment ; the law not regarding fractions of a day.　*Henry v. Jones* 8 *Mass.* 453.

But however this may be, he said that the plaintiffs had de-stroyed their own writ, by altering it in a vital part, without leave of the court, and after the defendant had a vested interest in the action, by the attachment of his property.　To permit such an act, especially when done, as this was, without the con-currence of the counsel, would go far to destroy all confidence in the sacredness of legal proceedings.

The opinion of the court was read at the ensuing *November* term, as drawn up by

WESTON J.　Prior to the service of a writ, the plaintiff may change, modify, or amend it at his pleasure.　Whether, after the service had commenced by attaching the defendant's goods, but prior to its completion, it was competent for the plaintiffs in this case to strike the second count out of their declaration, from the view we have taken of the cause upon other points, need not now be decided.

The note declared on in the first count, dated *April* 18, 1825, payable in six months with grace, became due on the 21st of *October* following.　Was it sueable on that day ?　It is remarka-ble that no decision directly upon this point has been adduced, nor have we, after considerable research, been able to find one. The treatises of *Kyd*, *Chitty* and *Bayley* on bills of exchange and notes of hand, have also been examined with a view to this question ; but they contain no intimations, affording any satisfac-tory aid in the solution.

The objection on the part of the defendant, the maker of the note, is, that he has the whole of the last day in which to pay it; and that until that day is passed, he cannot be said to have broken his contract.　There is no question, that with regard to bonds, mortgages and instruments in writing, other than notes of hand, or

bills of exchange, the party who engaged to pay money, or to perform any other duty, fulfils his contract, if he does so on any part of the day appointed. Unless the case of negotiable paper forms an exception to the general rule, which attaches to other written contracts, the maker of a negotiable note of hand, and the acceptor of a bill of exchange, are not liable to be sued until the day after these instruments become due and payable.

In the case of *Leftley v. Mills 4 D. & E.* 170, we have the opinion of Mr. Justice *Buller,* given in strong terms, although the decision was finally placed upon another ground, that the general rule before intimated, does not apply to bills of exchange. In that case, a clerk called with the bill, upon which the question arose, at the house of the defendant, the acceptor, on the day it became due, and not finding him at home, left word where the bill might be found, that the defendant might send and take it up ; this not being done, at six o'clock in the evening, it was noted for nonpayment. Between seven and eight o'clock, the same clerk called on the defendant again with the bill, who then offered to pay the amount of it ; but refused to pay an additional half crown demanded for the notary. Lord *Kenyon* was of opinion, at the trial, that the tender was sufficient ; and directed a verdict for the defendant. A rule was obtained to show cause why the verdict should not be set aside, and a new trial granted. The court said, in granting the rule, that the main question was whether the acceptor had the whole day to pay the bill in, or whether it became due on demand at any time on the last day. After argument, Lord *Kenyon* stated that in this, as in other contracts, the acceptor had the whole day ; but said; if there were any difference between bills of exchange and and other contracts in this respect, the claim for the notary could not be supported ; this being an inland bill, payable fourteen days after sight ; and the statute of *William,* which first authorized a protest upon inland bills, giving it only upon such bills as were payable a certain number of days after date. Upon this last ground *Buller J.* concurred ; but he added, " I cannot refrain from expressing my dissent to what has fallen from my Lord, respecting the time

when the payment of bills of exchange may be enforced. One of the plaintiffs' counsel has correctly stated the nature of the acceptor's undertaking, which is to pay the bill on demand, on any part of the third day of grace ; and that rule now is so well established, that it will be extremely dangerous to depart from it. With regard to foreign bills of exchange, all the books agree that the protest must be made on the last day of grace; now that supposes a default in payment, for a protest cannot exist, unless default be made. But if the party has until the last moment of the day to pay the bill, the protest cannot be made on that day. Therefore the usage on bills of exchange is established ; they are payable any time on the last day of grace, on demand, provided that demand be made within reasonable hours. A demand at a very early hour of the day, at two or three o'clock in the morning, would be at an unreasonable hour ; but on the other hand, to say that the demand shall be postponed until midnight, would be to establish a rule attended with mischievous consequences."

Upon consideration, we adopt the views of Mr. Justice *Buller*; and it is our opinion that bills of exchange and negotiable notes should be paid on demand, if made at a reasonable hour, on the day they fall due ; and if not then paid, that the acceptor or maker may be sued on that day, and the indorser or drawer also, after notice given, or duly forwarded.

It has been decided in two cases in Massachusetts, *Shed v. Britt*, 1 *Pick.* 401, and *City Bank v. Cutter & als.* 3 *Pick.* 414, that after demand and notice, the indorser may be forthwith sued, without waiting until the expiration of the day on which the note falls due. These cases presented in principle the same question which is now before us. The indorser is collaterally and conditionally liable. It would be a very extraordinary doctrine to hold that he might be sued, before any action could be sustained against the principal and ultimate debtor. If therefore an action lies against the indorser under these circumstances, of which we are well satisfied, it must equally lie against the maker or acceptor.

But notes of hand and bills of exchange, like other instruments, are not suable until the day of maturity be passed ; unless demanded on that day.  The failure to pay on such demand, constitutes a breach of the contract and a dishonor of the bill or note, by the usage and custom of merchants.  The necessity of a demand on that day, prior to the institution of an action, is clearly deducible from the opinion of Mr. Justice *Buller*, and from the cases cited, decided in Massachusetts.

In the case before us, it does not appear, from the statement of facts, that the note was demanded of the defendant, prior to the commencement of the action ; we must therefore decide, in accordance with the principles before stated, that it was prematurely brought, and that the plaintiffs must be called.

*Plaintiffs nonsuit.*